UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ALLEN ROSARIO,<br>    *Plaintiff*,<br><br>v.<br><br>JOHN DOE,<br>    *Defendant*. | No. 3:22-cv-00564 (JAM) |

**ORDER DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915A**

Plaintiff Allen Rosario is a prisoner in the custody of the Connecticut Department of Correction (DOC). He has filed a complaint *pro se* and *in forma pauperis* under 42 U.S.C. § 1983 against the warden of Bridgeport Correctional Center (BCC) and whom he refers to as "John Doe." Rosario's claim against the warden arises principally out of an assault Rosario suffered while detained at BCC. Rosario has also submitted a letter in which he alleges misconduct by multiple state actors in relation to his underlying state criminal conviction. For the reasons set forth below, I conclude that the complaint should be dismissed without prejudice.

## BACKGROUND

At the time of the alleged conduct, Rosario was a pre-trial detainee in the custody of DOC.[1] On November 1, 2019, DOC transferred Rosario from Hartford Correctional Center (HCC) to BCC.[2] Rosario and his defense attorney subsequently requested that he be transferred back to HCC, as Rosario's criminal case was then-pending in Part A Hartford, and his defense

---

[1] Doc. # 1 at 5, 12.
[2] *Id.* at 5.

attorney's office was located in Hartford.[3] Someone named "Alves, CCS" from BCC denied these requests and advised that Rosario could "check back . . . once [his] case is disposed."[4]

On January 6, 2021, Rosario was assaulted at BCC.[5] He consequently suffered a permanent, traumatic brain injury and damage to his spinal vertebrae.[6] A medical report dated January 29, 2021, indicates that Rosario's brain injury causes "sluggish thought process, memory and concentration deficits and dependence for physical activities except feeding."[7]

Rosario has attached to his complaint an additional letter alleging "corruption by court officials, that was used . . . to get a guilty verdict" in his underlying state criminal case.[8] Specifically, Rosario's letter contends:

- Prosecutors charged him with burglary notwithstanding the fact that a witness failed to identify him from a photo lineup.[9]

- A trial court wrongly charged him with the crime of home invasion even though he was arrested for burglary first degree.[10]

- State actors tampered with unspecified evidence used in one of his criminal cases.[11]

- A trial court wrongly neglected to subpoena a witness who had sold him an allegedly stolen watch.[12]

- An unnamed mental health professional untruthfully attributed a statement to him in which he threatened to harm his former girlfriend.[13]

- A state judge illegally sentenced him during a probation violation hearing.[14]

---

[3] *Id.* at 12.
[4] *Id.* at 13.
[5] *Id.* at 5.
[6] *Ibid.*
[7] *Id.* at 25
[8] *Id.* at 8-11.
[9] *Id.* at 8-9.
[10] *Id.* at 9.
[11] *Ibid.*
[12] *Ibid.*
[13] *Ibid.*
[14] *Id.* at 9-10.

- DOC officials have covered up an incident of sexual assault.[15]

Rosario's complaint offers no further details on the actual disposition of his state criminal case. Publicly available court records indicate that Rosario was arrested on March 8, 2019, that he entered a plea of guilty to one count of burglary with a deadly weapon in violation of Conn. Gen. Stat. § 53a-101(a)(1), and that he was sentenced to a term of ten years imprisonment on October 4, 2021.[16]

## DISCUSSION

Pursuant to 28 U.S.C. § 1915A, a federal court must review a prisoner's civil complaint against a governmental entity or governmental actors and "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." If the prisoner is proceeding *pro se*, the allegations of the complaint must be read liberally to raise the strongest arguments that they suggest. *See Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010).[17]

The Supreme Court has set forth a threshold "plausibility" pleading standard for courts to evaluate the adequacy of allegations in federal court complaints. A complaint must allege enough facts—as distinct from legal conclusions—that give rise to plausible grounds for relief. *See, e.g., Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Notwithstanding the rule of liberal interpretation of a *pro se* complaint, a complaint may

---

[15] *Id.* at 10.
[16] *See* Connecticut Judicial Branch Criminal/Motor Vehicle Conviction Case Detail, *State v. Allen Rosario*, Dkt. No. HHD-CR19-0730652-T, available at https://www.jud2.ct.gov/crdockets/DocketNoEntry.aspx?source=Disp [https://perma.cc/N4MM-9JJT] (last accessed Sept. 29, 2022). The Court takes judicial notice of these court proceedings as public documents. *See Bristol v. Nassau Cnty.*, 685 F. App'x 26, 28 (2d Cir. 2017).
[17] Unless otherwise indicated, this ruling omits internal quotation marks, alterations, citations, and footnotes in text quoted from court decisions.

not survive dismissal if its factual allegations do not meet the basic plausibility standard. *See, e.g.*, *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015).

As a threshold matter, Rosario alleges no particular conduct on the part of the single defendant in this case. As the Second Circuit has made clear, a plaintiff "must plead and prove that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Tangreti v. Bachmann*, 983 F. 3d 609, 618 (2d Cir. 2020). Unless the supervisory official was personally involved in the alleged misconduct, it is not enough to allege that a supervisory official should be liable for a violation of a prisoner's constitutional rights. Rosario has not alleged any facts showing that the BCC warden was personally involved in his transfer to BCC, the denial of his request to transfer back to HCC, or that he had any ability to prevent the alleged assault.

Therefore, I will dismiss all claims against the warden of Bridgeport Correctional Center. If Rosario decides to file an amended complaint, the amended complaint must allege facts that show the personal involvement of any named defendant in the alleged wrongful conduct. *See Grullon v. City of New Haven*, 720 F.3d 133, 138-39 (2d Cir. 2013).

Rosario has also attached a letter in which he claims misconduct that occurred during his state court criminal proceedings. But any such challenge to Rosario's state conviction and sentence would have to be brought in a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (and only after proper exhaustion of remedies in the Connecticut state courts). *See Nelson v. Campbell*, 541 U.S. 637, 643 (2004); *Preiser v. Rodriguez*, 411 U.S. 475, 489-90 (1973). A § 1983 suit is not a proper vehicle for Rosario's claim for relief from his state court conviction and sentence. *See Damato v. Tsimbidaros*, 2015 WL 1125508, at *2 (D. Conn. 2015).

To the extent Rosario is instead seeking damages, he may recover for "harm caused by actions whose unlawfulness would render a conviction . . . invalid" only if he can prove that "the conviction or sentence has already been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). Rosario has not demonstrated that his state conviction has been invalidated. Any claim for damages under § 1983 relating to his state conviction is therefore also improper at this time.

At the end of Rosario's letter, he makes a final allegation that "there is still . . . sexual assault" which "DOC has done everything within their power to conceal."[18] But Rosario offers no further details, and again fails to specify how the BCC warden is involved in the alleged conduct.

## CONCLUSION

For the reasons stated above, the Court DISMISSES the complaint without prejudice pursuant to 28 U.S.C. § 1915A(b)(1). If Rosario has grounds to allege a claim that overcomes the concerns stated in this ruling, then he may file an amended complaint within 30 days from today. In the meantime, the Clerk of Court shall close this case subject to re-opening in the event that Rosario decides to timely file an amended complaint.

It is so ordered.

Dated at New Haven, Connecticut this 5th day of October 2022.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge

---

[18] Doc. #1 at 11.